

I N T H E

# Court of Appeals of Indiana

Malcony Rodriguez-Arias,

*Appellant-Defendant*



FILED

Dec 12 2025, 9:46 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

State of Indiana,

*Appellee-Plaintiff*

---

December 12, 2025

Court of Appeals Case No.
25A-CR-948

Appeal from the Noble Superior Court

The Honorable Steven C. Hagen, Judge

Trial Court Cause No.
57D02-2407-CM-499

---

**Opinion by Judge May**
Chief Judge Altice and Judge Foley concur.

**May, Judge.**

[1] Malcony Rodriguez-Arias appeals following his conviction of Class C misdemeanor driving without ever receiving a valid driver's license.[1] Rodriguez-Arias argues the State did not present sufficient evidence he committed the crime. We reverse.

## Facts and Procedural History

[2] On June 17, 2024, Deputy Royal Edwin Kirkpatrick III ("Deputy Kirkpatrick") of the Noble County Sheriff's Department observed a vehicle driven by Rodriguez-Arias fail to use its turn signal. Deputy Kirkpatrick initiated a traffic stop of Rodriguez-Arias's vehicle. Deputy Kirkpatrick asked Rodriguez-Arias for his driver's license. Rodriguez-Arias gave Deputy Kirkpatrick his driver's license issued by the Dominican Republic. Deputy Kirkpatrick attempted to search for Rodriguez-Arias's driving record, but there was no Indiana driver's license on file for him.

[3] Based thereon, the State charged Rodriguez-Arias with Class C misdemeanor driving without ever receiving a valid driver's license. The trial court held a bench trial on February 28, 2025. At the trial, Rodriguez-Arias admitted he had never obtained an Indiana driver's license. He testified he lived in Kendallville and had maintained his "mailing address" there since 2021 or 2022. (Tr. Vol. II at 40.) He told the trial court he traveled to Georgia to visit

---

[1] Ind. Code § 9-24-18-1(a) (2022).

his sister "every three months" and spent three weeks at a time there before returning to his Kendallville address. (*Id*.)

[4] Rodriguez-Arias entered into evidence a copy of his valid Dominican Republic driver's license. He testified that in order to receive his Dominican Republic driver's license, he had to "take a test first, like, uh, on the computer, and then you need to take a driving test." (*Id*. at 36.) He also entered into evidence a copy of his valid B1/B2 visa, with an expiration date of June 2, 2026. Rodriguez-Arias's counsel explained that "the B-1/B-2 type visa is only issued to people who are temporary non-immigrant individuals." (*Id*. at 52.)

[5] At the end of the bench trial, the trial court asked the parties to submit trial briefs to supplement their arguments. The State argued that because Rodriguez-Arias had lived in Indiana for almost two years, he was required to possess a valid Indiana driver's license. As he did not, the State contended Rodriguez-Arias was guilty as charged. Rodriguez-Arias argued he was a nonresident of Indiana by virtue of his B1/B2 visa status and thus fell under an exemption to the elements required to convict him of Class C misdemeanor driving without ever receiving a valid driver's license. Rodriguez-Arias asserted that under that exemption his valid Dominican Republic driver's license was a valid credential enabling him to drive in Indiana.

[6] On March 13, 2025, the trial court issued an order of conviction and found:

> The Court therefore finds that a Dominican Republic driver's license in the possession of the Defendant, an Indiana resident, does not meet the definition of a driver's license issued by the

State of Indiana, and that consequently the Defendant is hereby found guilty of violating I.C. 9-24-18-1, a Class C Misdemeanor.

(App. Vol. II at 43) (original formatting omitted). Rodriguez-Arias filed a motion to reconsider, which the trial court denied. The trial court sentenced Rodriguez-Arias to sixty days, all suspended, with no probation.

## Discussion and Decision

[7] Rodriguez-Arias argues the State did not present sufficient evidence he committed Class C misdemeanor driving without ever receiving a valid driver's license because he was a nonresident and thus his possession of a Dominican Republic driver's license was the credential he needed to drive in Indiana.

> The appellate standard of review for sufficiency of the evidence challenges is well settled. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. Therefore, the reviewing court does not reweigh the evidence or judge the credibility of the witnesses, and it leaves those determinations to the fact-finder. We consider only the evidence most favorable to the trial court's ruling and will affirm a defendant's conviction unless no reasonable fact-finder could find the element of the crime proven beyond a reasonable doubt.

*Tiesing v. State*, 226 N.E.3d 780, 783 (Ind. 2024).

[8] Indiana Code section 9-24-18-1(a) (2022) states, "[a]n individual, except an individual exempted under IC 9-24-1-7, who knowingly or intentionally operates a motor vehicle upon a highway and has never received a valid driver's license commits a Class C misdemeanor." Once the State presents evidence

supporting their case, "the burden is on the defendant to prove by a preponderance of the evidence that the defendant: (1) had been issued a driver's license or permit that was valid . . . at the time of the alleged offense." Ind. Code § 9-24-18-1(b) (2022).

[9] There is no dispute that Rodriguez-Arias operated a motor vehicle on the highway. To determine if he did so while never receiving "a valid driver's license[,]" Ind. Code § 9-24-18-1(a), we must look to definitions in the Indiana Code. "Driver's license" means the following, as is relevant here:

> (1) Any type of license issued by the state in the form of a physical credential authorizing an individual to operate the type of vehicle for which the license was issued, in the manner for which the license was issued, on a highway. The term includes any endorsements added to the license under IC 9-24-8.5.

Ind. Code § 9-13-2-48(1) (2023)). Pursuant to Indiana Code section 9-13-2-173(a), "'State' means . . . the state of Indiana."

[10] During the traffic stop, Rodriguez-Arias did not have an Indiana driver's license. Deputy Kirkpatrick completed a search of the Indiana Bureau of Motor Vehicles database using Rodriguez-Arias's name and date of birth to determine if he had ever been issued an Indiana driver's license. He discovered Rodriguez-Arias was not in the database. Therefore, the State presented sufficient evidence to prove that Rodriguez-Arias did not have an Indiana driver's license.

[11] After the State presented evidence that Rodriguez-Arias had never been issued an Indiana's driver's license, it was Rodriguez-Arias's burden to prove he had a valid license at the time that he drove. *See* Ind. Code § 9-24-18-1(b) (2022). To do so, Rodriguez-Arias relied upon the statutory exception for "an individual exempted under IC 9-24-1-7[.]" Ind. Code § 9-24-18-1(a) (2022). That statute provides:

> [Indiana Code section 9-24-18-1] does not apply to . . .
>
> * * * * *
>
> (3) A nonresident who:
>
>> (A) is:
>>
>>> (i) at least sixteen (16) years and one hundred eighty (180) days of age; or
>>>
>>> (ii) employed in Indiana;
>>
>> (B) has in the nonresident's immediate possession a valid driver's license that was issued to the nonresident in the nonresident's home state or country; and
>>
>> (C) is legally present in the United States;
>>
>> while operating on a highway the type of motor vehicle for which the driver's license was issued, subject to the restrictions imposed by the home state or country of the individual's residence.

Ind. Code § 9-24-1-7(a)(3) (2023). Rodriguez-Arias contends, as he argued before the trial court, that he is a nonresident of Indiana and thus his possession of a valid driver's license from his home country of the Dominican Republic exempts him from a conviction under Indiana Code section 9-24-18-1(a) (2022).

Pursuant to Indiana Code section 9-13-2-113, "'Nonresident' means a person that is not an Indiana resident." Indiana Code section 9-13-2-78 provides:

> "Indiana resident" refers to a person that is one (1) of the following:
>
> > (1) An individual who lives in Indiana for at least one hundred eighty-three (183) days during a calendar year and who has a legal residence in another state. However, the term does not include an individual who lives in Indiana for any of the following purposes:
> >
> > > (A) Attending a postsecondary educational institution.
> > >
> > > (B) Serving on active duty in the armed forces of the United States.
> > >
> > > (C) Temporary employment.
> > >
> > > (D) Other purposes, without the intent of making Indiana a permanent home.

Rodriguez-Arias contends he is a nonresident because, while he lives in Indiana and maintains an address in Kendallville, he does not intend to make Indiana his permanent home because he is not legally permitted to do so under the terms of his visa.

As part of his evidence, Rodriguez-Arias presented a copy of his B1/B2 visa with an expiration date of June 2, 2026. A B1/B2 visa is issued to a person who is not a resident of the United States who "intends to leave the United States at the end of the temporary stay[.]" 22 C.F.R. §41.31(a)(1). As the terms

of his B1/B2 visa do not allow him to make Indiana his permanent home, he cannot be an Indiana resident.[2]  Therefore, he is a nonresident of Indiana.

[14]    As noted above, even though he is a nonresident and does not have to possess a valid Indiana driver's license, he still must[3] possess "a valid driver's license that was issued to the nonresident in the nonresident's home state or country" and be "legally present in the United States[.]"  Ind. Code § 9-24-1-7(a)(3).  At trial Rodriguez-Arias presented his Dominican Republic driver's license which was issued on October 18, 2021, and expired on March 31, 2025.  In its order, the trial court found Rodriguez-Arias had "a Dominican Republic driver's license" in his possession at the time of the traffic stop.  (App. Vol. II at 43.)  Further, Rodriguez-Arias presented evidence that he was in the United States legally when he entered into evidence a copy of his B1/B2 visa.  Thus, Rodriguez-Arias satisfied the elements of Indiana Code section 9-24-1-7(a)(3) because he possessed a valid driver's license from his home county and was legally present in the United States.  As Rodriguez-Arias provided evidence that he was exempt from the requirements listed in Indiana Code section 9-24-18-1(a), we conclude the State did not present sufficient evidence that he committed Class C misdemeanor operating a vehicle while never having received a license.

---

[2] We note the State also did not question Rodriguez-Arias about whether he intended to maintain his address in Indiana following the expiration of his visa.

[3] The statute also requires that Rodriguez-Arias be "at least sixteen (16) years and one hundred eighty (180) days of age[.]"  Ind. Code § 9-24-1-7(3)(A)(i).  According to his visa, Rodrigez-Arias was born in 1979.

# Conclusion

Because Rodriguez-Arias was a nonresident of Indiana and possessed a valid driver's license from the Dominican Republic, he qualified for an exemption to Indiana Code section 9-24-18-1(a). Therefore, the State did not prove he committed Class C misdemeanor driving without ever receiving a valid driver's license. Accordingly, we reverse his conviction.

Reversed.

Altice, C.J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Victoria Bailey Casanova
Casanova Legal Services, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Michelle Hawk Kazmierczak
Deputy Attorney General
Indianapolis, Indiana